IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**WBENGDA ESHTU LEGESSE,**

Petitioner,

v.                                                                            Civil Action No. **3:15CV654**

**HAROLD CLARKE,**

Respondent.

## MEMORANDUM OPINION

Wbengda Eshtu Legesse, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the City of Alexandria ("Circuit Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Legesse has not responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 13) will be GRANTED.

### I. PERTINENT PROCEDURAL HISTORY

Legesse pled guilty in the Circuit Court to malicious wounding by mob, trespass with the intent to interfere with the rights of a property owner, and assault and battery by mob, and was sentenced to an active sentence of eight years. *Commonwealth v. Legesse*, No. CF13000087, at 1-2 (Va. Cir. Ct. Aug. 2, 2013). On September 10, 2013, the Circuit Court entered final judgment. *Commonwealth v. Legesse*, No. CF13000087, at 1 (Va. Cir. Ct. Sept. 10, 2013).[1] Legesse did not appeal.

---

[1] The Circuit Court entered final judgment by Sentencing Order on August 2, 2013. In this Order, the Circuit Court sentenced Legesse to 20 years for malicious wounding by mob, 12 months for trespass with the intent to interfere with the rights of a property owner, and 12 months for assault and battery by mob. *Commonwealth v. Legesse*, No. CF13000087, at 1-2 (Va.

On September 2, 2014, Legesse filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Legesse v. Clarke*, No. 141310 (Va. filed Sept. 2, 2014). On March 17, 2015, the Supreme Court of Virginia granted Respondent's motion to dismiss and dismissed Legesse's petition. *See Legesse v. Clarke*, No. 141310, at 1, 4 (Va. Mar. 17, 2015).

On or about October 8, 2015, Legesse filed his § 2254 Petition with the Western District of Virginia.[2] (§ 2254 Pet. 15.) By Order entered on October 30, 2015, the Western District of Virginia transferred Legesse's § 2254 Petition to this Court. (ECF No. 2, at 2.) In his § 2254 Petition, Legesse asserts the following claims for relief:

| | |
|---|---|
| Claim One | "Ineffective Assistance of Counsel—Petitioner was denied conflict-free assistance of counsel at all stages of the criminal proceedings, to his substantive prejudice, in violation of his rights as guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution, and under §§ 8 and 11 of Article 1 of the Virginia Constitution. Petitioner's Attorney, Ms. Marina Medvin, promised him that he would receive no more than three (3) years if he accepted the Commonwealth's plea offer. Petitioner was sentenced to eight (8) years instead." (§ 2254 Pet. 6.) |
| Claim Two | "Ineffective Assistance of Counsel—Petitioner re-alleges as is fully set out in ground One that he was denied conflict-free assistance of counsel. Petitioner's attorney, Ms. Medvin, failed to motion for discovery to ascertain the government's evidence prior to negotiating a plea." (*Id.* at 7 (spelling corrected).) |

---

Cir. Ct. Aug. 2, 2013). The Circuit Court suspended all but 6 years and 24 months of the total sentence. *Id.* at 2. The Sentencing Order, however, erroneously stated that the total sentence imposed was 20 years. (*Id.* at 2.) On September 10, 2013, the Circuit Court entered an Order amending the Sentencing Order to reflect that the total sentence imposed was 20 years and 24 months. *Commonwealth v. Legesse*, No. CF13000087, at 1 (Va. Cir. Ct. Sept. 10, 2013). The parties fail to explain how the Order amending the Sentencing Order affects the finality of Legesse's convictions. Accordingly, in an abundance of caution, the Court uses the September 10, 2013 Order amending the Sentencing Order as the date that final judgment was entered.

[2] This is the date that Legesse states he placed his § 2254 Petition in the prison mailing system for mailing to the Western District of Virginia. The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Claim Three   "Ineffective Assistance of Counsel—Petitioner states as is fully set out in Grounds one and two that he was denied conflict-free assistance of counsel at every critical stage of the proceeding. Petitioner's attorney, Ms. Marian Medvin, coerced petitioner into accepting a plea deal that resulted in his receiving more than the three (3) years which she herself assured him he would receive." (*Id.* at 9 (spelling corrected).)

Claim Four   "Prosecutorial Misconduct—The prosecutor in this case withheld evidence concerning the fact that the witness was not available to testify. This evidence was not made available to petitioner until after he had accepted the commonwealth's plea offer. Petitioner would not have pled guilty had he been aware that there was no witness to testify against him." (*Id.* at 11 (spelling corrected).)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Legesse's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Legesse's judgment became final on Thursday, October 10, 2013, when the time to file an appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (providing no appeal allowed unless notice of appeal filed within thirty days of final judgment). The limitation period began to run on October 11, 2013, and continued to run for 326 days until Legesse filed his state petition for a writ of habeas corpus on September 2, 2014. *See* 28 U.S.C. § 2244(d)(2).

### C. Statutory Tolling

The limitation period remained tolled until March 17, 2015, while Legesse's state petition for a writ of habeas corpus was pending before the Supreme Court of Virginia. The limitation period began to run again on March 18, 2015. At that time, Legesse had only 39 days remaining of the federal limitation period. Therefore, Legesse needed to file his § 2254 Petition by Monday, April 27, 2015 for it to be filed within the limitation period. Nevertheless, Legesse failed to file his § 2254 Petition until October 8, 2015.

In his § 2254 Petition, Legesse notes that on June 16, 2015, he submitted a petition for a writ of certiorari, seeking review of the Supreme Court of Virginia's dismissal of his state petition for a writ of habeas corpus, to the United States Supreme Court. (§ 2254 Pet. Attach. A at 8, ECF No. 1-1 (as paginated by CM/ECF).) On June 30, 2015, the Supreme Court returned

Legesse's petition for a writ of certiorari because it was filed out-of-time. (*Id.* at 10.) On July 28, 2015, Legesse submitted a Motion to File Petition for Writ of Certiorari Out of Time. (*Id.* at 3-5.) On October 5, 2015, the Supreme Court denied his Motion. (*Id.* at 1.) To the extent that Legesse asserts that he is entitled to statutory tolling for the period during which his petition for a writ of certiorari was pending before the Supreme Court, he is incorrect. "[T]he filing of a petition for certiorari before [the Supreme] Court does not toll the statute of limitations under § 2244(d)(2)." *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

Because the limitation period ran for a total of 530 days, the action is barred by the statute of limitations unless Legesse demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)-(D) or some equitable exception to the limitation period. In his § 2254 Petition, Legesse appears to argue entitlement to belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B) or equitable tolling.[3]

### D. State-Created Impediment in Violation of the Constitution

To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. *Ocon-Parada v. Young*, No. 3:09cv87, 2010 WL 2928590, at *2 (E.D. Va. July 23, 2010) (citing *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331-32 (11th Cir. 2008)). Legesse states:

> Petitioner prays this Court will accept his petition as timely filed due to the fact that the facility in which he is confined created . . . an impediment to the filing of his certiorari petition. Therefore, the time in which the petition for writ of certiorari was pending should be tolled and Bucking[ham] Correctional Center be held accountable for any delay in said filing.

---

[3] Neither Legesse nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2244(d)(1)(C) & (D).

(§ 2254 Pet. 14.)[4]

"[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B)], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007). This requires Legesse to allege specific facts as to how he was prevented from filing his § 2254 Petition prior to October of 2015. *See, e.g., Clarke v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (refusing to apply § 2244(d)(1)(B) where the petitioner "failed to explain why the documents held by the state were necessary to pursue his federal claim"). Here, Legesse only asserts that the alleged impediment hindered his ability to timely file a petition for a writ of certiorari with the Supreme Court. He fails to explain how the staff at Buckingham Correctional Center impeded his ability to file a timely § 2254 Petition. Thus, Legesse lacks entitlement to a belated commencement of the limitation period.

### E. Equitable Tolling

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

---

[4] While Legesse fails to make the argument in his § 2254 Petition, the Court gleans from his attachments that he could not retrieve a copy of his petition for a writ of certiorari from the law library at Buckingham Correctional Center until June 16, 2015 because the law librarian was unavailable to print and provide it to him. (§ 2254 Pet. Attach. A. at 4.) The absence of a copy of a petition for a writ of certiorari, however, did not prevent Legesse from filing a § 2254 petition.

To the extent that Legesse asserts that equitable tolling applies to render his § 2254 Petition timely filed, he alleges no specific facts demonstrating that actions taken by staff at Buckingham Correctional Center actually prevented him from timely filing his § 2254 Petition. Moreover, to the extent Legesse mistakenly believed that he could not file his § 2254 Petition before seeking a writ of certiorari from the Supreme Court for the dismissal of his state habeas corpus petition, "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). "Simply put, [Legesse] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011).

Because Legesse fails to demonstrate entitlement to belated commencement or equitable tolling, the statute of limitation bars his § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED. Legesse's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. The Court will deny a certificate of appealability.

An appropriate Final Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: August 17, 2016
Richmond, Virginia